LAW OFFICES OF
# Scott B. Tulman & Associates, PLLC

THE HELMSLEY BUILDING
230 PARK AVENUE
18TH FLOOR
NEW YORK, NEW YORK 10169
(212) 867-3600
TELECOPIER: (212) 867-1914
WWW.TULMANLAW.COM

**REQUEST DENIED.** The Change of Plea hearing previously scheduled for August 6, 2020 will not be held remotely and instead is **RESCHEDULED** as an in-person hearing on September 17, 2020 at 12:00PM in Courtroom 15C.

7/27/2020   SO ORDERED.
*/s/ Lewis J. Liman*
LEWIS J. LIMAN
United States District Judge

July 27, 2020

The Honorable Lewis J. Liman
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: United States v. Isaam Henry
20 Cr 293 (LJL)

Dear Judge Liman:

I represent Isaam Henry in the above matter. Mr. Henry is scheduled for a change of plea proceeding on August 6, 2020, at 2 pm. By this letter, I request that the proceeding be conducted remotely. I have discussed this matter with my client, who is currently incarcerated at the MCC, and he wishes to proceed remotely to avoid having to be quarantined for fourteen days, as are all pretrial detainees who are brought to the District Court for proceedings. I too wish to proceed remotely for reasons of personal safety as I was hospitalized for pneumonia two years and otherwise fit in the "vulnerable category" on account of my age. This week I will be participating in a change of plea proceeding conducted remotely by videoconference pursuant to the Order of the Hon. George B. Daniels in United States v Haynes, 20 Cr. 5 (GBD ((Doc. 14), where sentencing guidelines appear to recommend an 84-105 month term of incarceration.

While the Government is sympathetic to the Mr. Henry's request to proceed remotely, the Government does not believe that the CARES Act's requirements for a remote proceeding have been met in this case. Under the CARES Act, a change of plea proceeding can only be conducted remotely if further delay would cause "serious harm to the interests of justice." The Government respectfully submits that proceeding remotely is not necessary to avoid "serious harm to the interests of justice" in this case because in-person proceedings are available and because, given the stipulated Guidelines range of 100 to 188 months' imprisonment, the likelihood of a time-served sentence is very low.

Respectfully submitted,

Scott B. Tulman

SBT:ss
cc: Thomas S. Burnett, Esq., AUSA